UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON METRAS, #312017,

    Petitioner,                                   CASE NO. 2:08-CV-13841
                                                   HONORABLE NANCY G. EDMUNDS
v.                                                     UNITED STATES DISTRICT JUDGE

THOMAS BELL, Warden.

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

### I. Introduction

This is a habeas case brought by a state inmate under 28 U.S.C. § 2254. Jason Metras, ("Petitioner"), is currently confined at a Michigan correctional facility where he is serving a prison term of 14-to-22 years. The sentence results from his Wayne Circuit Court guilty plea conviction for armed robbery, MICH. COMP. LAWS 750.529, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS 750.227(b). Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Michigan Attorney General's Office, has filed a response, arguing that Petitioner's claims lack merit. For the reasons which follow, the petition will be denied.

### II. Background

Petitioner was charged with armed robbery, felon in possession of a firearm, receiving and concealing a stolen vehicle, and commission of a felony in possession of a

1

firearm, arising from the April 19, 2004 armed robbery of Melanie Steinberg, a hostess at the Baker's Square restaurant in Taylor, Michigan.

On July 6, 2004, a pretrial conference was held at which appointed counsel sought and received an extension on the deadline to file pretrial motions because he had not yet received a videotape of the robbery. At the close of the hearing defense counsel indicated to the court that there had a been a breakdown in the attorney-client relationship, and he requested that new counsel be appointed for Petitioner. Petitioner explained that his counsel was not adequately representing him. The trial court denied the motion and indicated that his counsel was performing competently. Trial counsel subsequently received the videotape and filed a motion to suppress the victim's identification of Petitioner.

The week before trial, Petitioner reached a plea deal with the prosecutor. He pled guilty armed robbery and commission of a felony in possession of a firearm with an agreed sentence of 12-to-20 years for the robbery plus an additional two-year term for the firearm offense. In return, the prosecutor dismissed the other counts and dismissed criminal case No. 02-1597, in which Petitioner faced similar charges.

At the plea hearing, Petitioner acknowledged that he could proceed to trial on the instant case and the other criminal case, set for the following week, but that if he pled guilty, he would not be permitted to withdraw his plea. Petitioner indicated that he had read, reviewed, understood, and signed the written plea form with his attorney. The trial court informed Petitioner of the various trial rights he would be waiving by pleading guilty, and Petitioner indicated his understanding and desire to do so.

The trial court asked Petitioner, "Is anybody forcing you to do this?" Petitioner

answered "no." The court then asked Petitioner, "And are you doing this freely and voluntarily?" Petitioner answered, "yes." The trial court accepted the plea. Petitioner was subsequently sentenced under the terms of the sentence agreement and the additional counts and separate criminal case were dismissed.

On November 4, 2005, a hearing was held on Petitioner's motion to recuse the trial judge and to withdraw the guilty plea. Petitioner asserted that the trial judge could not impartially rule on his motion to withdraw his plea because Petitioner was charged with instant offense after the same judge had allowed him to withdraw a plea in a prior case. The trial court denied the recusal motion. Petitioner then pursued the issue with the Chief Wayne Circuit judge, but the motion was denied.

On December 15, 2006, the trial court held a hearing on Petitioner's underlying motion to withdraw the plea. Petitioner asserted that his trial counsel was ineffective in preparing to defend him at trial and this forced him to accept the plea bargain. Relying on the Petitioner's testimony at the plea hearing that he was not forced to plead guilty and that he did so freely and voluntarily, the trial court denied Petitioner's motions.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising four claims:

> I. Defendant's state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney refused to bring relevant and necessary motions and the court would not appoint him a different attorney.
>
> II. Defendant-Appellant was denied a fair judge and the appearance of justice where the sentencing judge and the chief judge reversibly erred in denying defendant-appellant's motion to disqualify the sentencing judge.
>
> III. Defendant is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variables 1, 4, 9 and 19 on the

> basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.
>
> IV. Defendant is entitled to sentencing credit of the time he was incarcerated awaiting sentence where he was not required to serve any extra time on his previous sentence for which he was on parole and this conviction was dismissed as part of his plea deal.

The Michigan Court of Appeals issued an order denying leave to appeal "for lack of merit in the grounds presented." *People v. Metras*, No. 275409 (Mich. Ct. App. April 17, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, but leave to appeal was denied because the court "was not persuaded that the questions presented should be reviewed." *People v. Metras*, No. 134088 (Mich. Sup. Ct. September 10, 2007).

Petitioner has now filed an application for writ of habeas corpus that raises the following four claims:

> I. My constitutional rights were violated when I was forced to take a plea, or go to trial, with an ineffective attorney and the court refused to appoint another attorney. My plea was involuntary.
>
> II. I was denied a fair and impartial judge.
>
> III. I am entitled to resentencing.
>
> IV. I am entitled to sentencing credit for the time I was incarcerated awaiting sentence.

### III.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### IV. Analysis

#### A. Ineffective Assistance of Counsel

Petitioner first asserts that his plea was involuntary because his counsel's lack of preparation for trial forced him to accept the plea agreement offered by the prosecution. Specifically, Petitioner asserts that his counsel did not meet with him to prepare a defense

and did not seem interested in anything other than negotiating a plea deal. Petitioner claims that his two co-defendants were willing to take full responsibility for the crime and testify at Petitioner's trial that Petitioner did not participate in the robbery. Petitioner alleges that he asked his counsel to delay his trial date until after his co-defendants had resolved their own cases at which time they would be willing to testify in his defense. Petitioner also argues that his counsel failed to file any pre-trial motions or review the videotape evidence from the crime scene. Respondent asserts that Petitioner's claim is mertiless, and that his allegations that he was forced to plead guilty is contradicted by his testimony at the plea hearing.

To succeed on his ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Deficient" means a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice in plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner's claim that he felt as though he had no choice but to plead guilty as a result if his trial counsel's deficient pretrial performance conflicts with his sworn testimony at the plea hearing. Petitioner stated under oath that no one had forced him to plead guilty and that he was doing so of his own free will. He never stated at the plea hearing that he was dissatisfied with his counsel's preparation for trial at the plea hearing, though he was given this opportunity to do so. As aptly stated by the Sixth Circuit when faced with a

challenge to a guilty plea based upon off-the-record allegations:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner's sworn statements at the plea hearing that he had not been forced to accept the plea bargain and that he was doing so of his own free-will belie his claim that pled guilty as a result of his dissatisfaction with his trial counsel's performance.

Contrary to Petitioner's assertions, the record indicates that defense counsel was preparing to defend Petitioner at trial. At the July 6, 2004, pretrial hearing, counsel for Petitioner received an extension to file motions when he learned of the videotape taken at the crime scene. He subsequently moved for an evidentiary hearing seeking to suppress the victim's identification of Petitioner as the perpetrator. The hearing on the suppression motion was canceled only after Petitioner pled guilty.

Moreover, Petitioner has not demonstrated a reasonable likelihood that he would have gone to trial instead of accepting the plea bargain had his attorney prepared a more vigorous defense. Petitioner faced a life sentence in the instant case, and he faced similar charges in another robbery case. The plea bargain resulted in the complete dismissal of the other case and limited Petitioner's exposure in the present case to a 12-to-20 year sentence for the armed robbery plus a two year mandatory sentence for the firearm conviction. He agreed to this deal even though his motion to suppress the victim's

identification had not yet been resolved by the trial court. Accordingly, at the moment Petitioner was faced with the decision whether to accept the plea bargain or continue pursuing the defense of mistaken identification, he chose to plead guilty. Therefore, Petitioner has not shown a reasonable probability that he would have elected to go to trial had his trial attorney met with him more frequently or been more vigorous in his preparation. Habeas relief is not warranted on this claim.

### B. Impartiality of the Trial Judge

Petitioner's second claim asserts that the trial judge was not impartial. Petitioner alleges that the trial judge had previously allowed him to withdraw a guilty plea, and that shortly afterwards, he committed the instant offense. According to Petitioner, the trial judge was unable to impartially entertain his motion to withdraw his plea in the present case because Petitioner committed a new crime the last time he allowed Petitioner to withdraw a plea. Respondent asserts that the claim is meritless.

An impartial judge is a necessary component of a fair trial. *In re Murchison*, 349 U.S. 133, 136 (1955). This Court is guided by the standard established by the Supreme Court in *Liteky v. United States*, 510 U.S. 540 (1994), in addressing claims of judicial bias. In *Liteky*, the Supreme Court explained the measure of judicial conduct as follows:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 554.

The Supreme Court cautioned that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. *Id.* at 556.

The instances cited by Petitioner to support his claim of judicial bias reflect no such bias. The trial court's references to Petitioner's prior plea withdrawal were based on events occurring during the course of the proceedings, and did not display favoritism or antagonism. The transcripts show that the trial court was informing Petitioner that just because he allowed him to withdraw a previous plea, Petitioner should not expect to be allowed to do so again. To the contrary, the trial court specifically informed Petitioner at the plea hearing that he would not be allowed to withdraw his plea once it was accepted. This does not mean that the trial court did not entertain Petitioner's motion to withdraw his plea on the basis of ineffective assistance of counsel. When that motion was brought before the trial court, it was denied on the grounds that the trial court found that counsel was not ineffective - and not because of any bias on the part of the trial judge. This claim does not provide a basis for granting habeas relief.

### C. Sentencing Guidelines

Petitioner next asserts that the sentencing guidelines were improperly scored by the trial court and that the score was based on facts not admitted at the plea hearing or proven beyond a reasonable doubt. The claim ignores the fact that Petitioner was sentenced under the terms of a sentencing agreement.

In any event, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.)(claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 861 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). This claim does not provide a basis for relief.

Petitioner also asserts that he is entitled to habeas relief because the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score the guidelines which had not been proven to a jury beyond a reasonable doubt or admitted to by Petitioner. Petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), support his position. However, his claim that Michigan's sentencing guideline system, where judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated Apprendi by finding facts that raised his minimum sentence. But *Harris v. United States* explains that Apprendi's rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum.") Because

10

Petitioner's sentence fell within the statutorily-authorized maximum penalty of life imprisonment, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Petitioner has not stated a claim upon which federal habeas relief may be granted on this issue.

### D. Jail Credit

Petitioner asserts that he is entitled to habeas relief because the trial court failed to give him credit for the time he spent in jail prior to sentencing. Respondent contends that this claim is not cognizable and lacks merit.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A state prisoner has no right under the Federal Constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (*citing Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)). A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (*citing Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Petitioner has thus failed to state a claim upon which relief may be granted as to his sentencing credit claim.

### IV. Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny Petitioner a Certificate of Appealability. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C.

§ 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

## V. Order

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager